No. 99,079

In the Matter of SCOTT L. RUTHER, *Respondent.*

(175 P.3d 251)

Opinion filed February 1, 2008.

*Janith A. Davis,* deputy disciplinary administrator, argued the cause and was on the formal complaint for petitioner.

No appearance by respondent.

*Per Curiam:* This is an original uncontested proceeding in discipline filed by the office of the Disciplinary Administrator against respondent, Scott L. Ruther, an attorney admitted to the practice of law in Kansas in September 1985. The respondent's last registration address filed with the Clerk of the Appellate Courts of Kansas is in Lenexa, Kansas. A hearing panel of the Kansas Board for Discipline of Attorneys conducted a formal hearing, as required by Kansas Supreme Court Rule 211 (2007 Kan. Ct. R. Annot. 304).

The hearing panel concluded respondent violated the Kansas Rules of Professional Conduct as follows: KRPC 1.15(d)(1) (safekeeping property) (2007 Kan. Ct. R. Annot. 473); KRPC 1.15(d)(3)(iii) (rules and procedures concerning interest on attorney trust account); and KRPC 1.15(e) (attorney certification of compliance with KRPC 1.15), as well as Supreme Court Rule 211(b) (requiring service of answer to complaint within 20 days). The panel unanimously recommended that the respondent be indefinitely suspended from the practice of law in the state of Kansas. The respondent did not file exceptions to the final hearing report.

## FINDINGS OF FACT

The hearing panel's findings of fact are summarized as follows.

On May 24, 2004, respondent completed the 2004 Kansas attorney registration form. On the form respondent indicated he had neither a Kansas trust account nor a Kansas Interest on Lawyers Trust Account (IOLTA). Additionally respondent certified:

"I am familiar with and have read Kansas Supreme Court Rule 226, KRPC 1.15, and I and/or my law firm comply/complies with KRPC 1.15 pertaining to preserving the identity of funds and property of a client."

In fact, respondent had opened an interest-bearing savings account at a Lenexa Bank on August 13, 2001, which was open and active during the investigation stage of the proceedings herein.

In February 2005, a complaint was filed against the respondent regarding his trust account. Robert Straub, an investigator with the Disciplinary Administrator's office, conducted the investigation. On March 8, 2005, Mr. Straub met with the respondent and conducted an audit of the respondent's trust account. Mr. Straub discovered certain irregularities with the way the respondent handled his trust account.

Specifically the panel found:

"The Respondent used the Trust Account to hold client money. Additionally, the Respondent used the Trust Account to hold personal money. For example, in 2004, the Respondent deposited personal funds on two occasions. On May 18, 2004, the Respondent deposited personal funds in the amount of $12,500 into the Trust Account. Then, on May 25, 2004, the Respondent deposited in excess of $96,000 into the Trust Account in behalf of a client. Thereafter, on June 1, 2004, the Respondent withdrew the personal funds in the amount of $12,500. The $96,000 remained in the Respondent's Trust Account until July 28, 2004. Following the withdrawal of the $96,000, accumulated interest on those funds remained in the account. On August 16, 2004, the Respondent deposited $9,602.16 of personal funds into the Trust account. The Respondent withdrew the $9,602.16 in two transactions. On January 24, 2005, the Respondent withdrew $4,500. Then on March 9, 2005 [the day after the Straub interview], the Respondent closed the account and withdrew the balance of the $9,602.16 deposit as well as accumulated interest on client money."

There is no finding or claim that any principal belonging to a client was diverted by respondent or that the balance in the account ever fell below what was owed to clients.

Ultimately a formal complaint was filed and appropriately served on respondent. No response was filed by respondent.

## CONCLUSIONS OF LAW

The hearing panel's conclusions of law are summarized as follows:

1. Respondent violated KRPC 1.15(d)(1) when he commingled his personal funds with those of a client. Specifically that section requires:

"(d) Preserving identity of funds and property of a client.
(1) All funds of clients paid to a lawyer or law firm, including advances for costs and expenses, shall be deposited in one or more identifiable accounts maintained in the State of Kansas with a federal or state chartered or licensed financial institution and insured by an agency of the federal or state government, and no funds belonging to the lawyer or law firm shall be deposited therein except as follows:
   (i)  Funds reasonably sufficient to pay bank charges may be deposited therein.
  (ii)  Funds belonging in part to a client and in part presently or potentially to the lawyer or law firm must be deposited therein, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved." (2007 Kan. Ct. R. Annot. 474.)

2. Respondent violated KRPC 1.15(d)(3)(iii) when he retained interest that had accrued on the client's money. The applicable section provides:

"(d) Preserving identity of funds and property of a client.
. . . .
(3) Except as provided in subsection (3)(iv), any lawyer or law firm that creates or maintains an account for funds of clients or third persons, that are nominal in amount or that are expected to be held for a short period of time and on which interest is not paid to the clients or third persons shall comply with the following provisions:
. . . .
  (iii)  If the account bears interest, lawyers or law firms that deposit client funds in such an account shall direct the depository institution:
  (aa)  to remit at least quarterly, to the Kansas Bar Foundation, Inc., interest or dividends, as the case may be, on the average monthly balance in the account or as otherwise computed in accordance with the institution's standard accounting practice; and
  (bb)  to transmit with each remittance to the Foundation a statement showing the name of the lawyer or law firm for whom the remittance is sent and the rate of the interest applied; and
  (cc)  to transmit to the depositing lawyer or law firm at the same time a report showing the amount paid to the Foundation, the rate of interest

applied, and the average account balance of the period for which the report is made." (2007 Kan. Ct. R. Annot. 474-76.)

3.   Respondent violated KRPC 1.15(e) when he certified on his 2004 attorney registration form:

" 'I am familiar with and have read Kansas Supreme Court Rule 226, KRPC 1.15, and I and/or my law firm comply/complies with KRPC 1.15 pertaining to preserving the identity of funds and property of a client.' " (2007 Kan. Ct. R. Annot. 476.)

This was a false certification as respondent was clearly not in compliance with the requirements of that section as previously noted. Further, respondent falsely checked the box on the same form stating he did not have a Kansas trust account.

4.   Respondent violated Kansas Supreme Court Rule 211(b) when he failed to serve an answer to the formal complaint within 20 days of service of the complaint. The rule provides:

"The respondent shall serve an answer upon the Disciplinary Administrator within twenty days after the service of the complaint unless such time is extended by the Disciplinary Administrator or the hearing panel." (2007 Kan. Ct. R. Annot. 305.)

## ANALYSIS

In a disciplinary proceeding, this court considers the evidence, the findings of the hearing panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. Attorney misconduct must be established by substantial, clear, convincing, and satisfactory evidence. *In re Comfort*, 284 Kan. 183, 190, 159 P.3d 1011 (2007); *In re Lober*, 276 Kan. 633, 636, 78 P.3d 442 (2003); see Supreme Court Rule 211(f) (2007 Kan. Ct. R. Annot. 304). When a respondent does not file exceptions to the hearing panel's report, the report is deemed admitted under Supreme Court Rule 212(c) and (d) (2007 Kan. Ct. R. Annot. 317). In this case, respondent filed no exceptions to the hearing panel's report.

We conclude that the hearing panel's findings of fact are supported by clear and convincing evidence and that the findings of facts support the hearing panel's conclusions of law. We therefore adopt the hearing panel's findings and conclusions and find that

respondent violated KRPC 1.15(d)(1), 1.15(d)(3)(iii), 1.15(e), and Kansas Supreme Court Rule 211(b).

We turn now to the question of what is the appropriate discipline to be imposed.

This case has some bizarre facets. It is unique in that what was initially a rather minor disciplinary matter has escalated by virtue of respondent's actions or, specifically, nonactions into a very serious situation.

The panel's final hearing report tracks the record as follows:

"7.  Following the investigation, on August 22, 2005, a Deputy Disciplinary Administrator wrote to the Respondent, informed him that the Review Committee of the Kansas Board for Discipline of Attorneys found probable cause to believe that he had violated KRPC 1.15 and suggested that the Respondent apply for the Attorney Diversion Program. The Deputy Disciplinary Administrator asked the Respondent to reply within 20 days. The Respondent *did not respond* to the Disciplinary Administrator's letter.

"8.  On November 7, 2005, the Deputy Disciplinary Administrator again wrote to the Respondent. She provided the Respondent with additional time to apply for the Attorney Diversion Program. The Respondent *failed to respond* to the Deputy Disciplinary Administrator's second letter.

"9.  On December 5, 2005, the Disciplinary Administrator wrote to the Respondent, informed him that the Review Committee of the Kansas Board for Discipline of Attorneys directed that the Respondent be informally admonished for violating KRPC 1.15. The Disciplinary Administrator scheduled the informal admonition for January 10, 2006. The Respondent *failed to appear* for the scheduled informal admonition.

"10.  On January 18, 2006, the Disciplinary Administrator again wrote to the Respondent. The Disciplinary Administrator directed the Respondent to call and explain why he did not appear for the informal admonition. The Respondent *failed to call* the Disciplinary Administrator *as directed.*

"11.  On February 16, 2006, the Disciplinary Administrator called the Respondent by telephone. The Disciplinary Administrator left a message for the Respondent to return the call. The Respondent *failed to return the call.*

"12.  On February 23, 2006, the Disciplinary Administrator wrote to the Review Committee. The *Disciplinary Administrator informed the Review Committee that the Respondent had failed to apply for diversion, appear for an informal admonition, respond to written requests, and return telephone calls to the Disciplinary Administrator's office.* As a result, the Disciplinary Administrator *requested permission to schedule this matter for hearing.*

"13.  On March 1, 2006, the Disciplinary Administrator wrote to the Respondent. The Disciplinary Administrator informed the Respondent that the Review Committee had directed that this matter be scheduled for hearing. The Discipli-

nary Administrator encouraged the Respondent to retain counsel. Additionally, the Disciplinary Administrator informed the Respondent of [the] rule regarding probation plans.

"14.   The Respondent failed to fulfill the minimum continuing legal education requirements and failed to pay an associated fee for the 2005-06 compliance period. As a result, on October 11, 2006, the Kansas Supreme Court *suspended the Respondent's license to practice law.*

"15.   On November 14, 2006, the Disciplinary Administrator wrote to the Respondent and informed him that the case had been scheduled for hearing on April 12, 2007.

"16.   On March 7, 2007, the Deputy Disciplinary Administrator forwarded a copy of the Formal Complaint and the Notice of Hearing to the Respondent at his last registration address. On March 8, 2007, the formal Complaint and Notice of Hearing were received at the Respondent's office and signed for by Laura Jacobs. The Respondent *failed to file an Answer* to the Formal Complaint." (Emphasis supplied.)

Additionally respondent *failed to appear* at the hearing before the panel. Consistent with his prior inactions, respondent *failed to appear* at the hearing before this court.

The panel noted respondent had been admitted to the practice of law in Kansas for 20 years with no prior disciplinary record. The panel further found that respondent had engaged in bad faith obstruction of the disciplinary proceeding by intentionally and repeatedly failing to comply with the rules and orders of the process, to return telephone calls, and to appear as directed.

Respondent's total lack of cooperation and participation in the disciplinary process presents a unique situation. As noted in the panel's findings, this matter could have easily been resolved by respondent. He was offered diversion and later, private admonition. No explanation or reason has been proffered or even suggested why respondent chose to totally ignore his problem with the disciplinary process. Therefore, we must assume the conduct was intentional and without any mitigating circumstances.

The panel recommended indefinite suspension as the appropriate discipline. We agree. Respondent's conduct renders any lesser discipline inappropriate. The period of indefinite suspension shall be deemed to have commenced on October 11, 2006, the date respondent was suspended for noncompliance with CLE requirements.

IT IS THEREFORE ORDERED that Scott L. Ruther be and he is hereby indefinitely suspended from the practice of law in the state of Kansas. This order shall be retroactive to October 11, 2006.

IT IS FURTHER ORDERED that respondent forthwith comply with Supreme Court Rule 218 (2007 Kan. Ct. R. Annot. 337), that the costs of these proceedings be assessed to the respondent, and that this opinion be published in the official Kansas Reports.